1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  SHUKRI HASHI, AMRAN IBRAHIM, and
ZAM ZAM YUSUF, on behalf of themselves
11  and all others similarly situated,

12                                    Plaintiffs,

13            v.

14  AIRPORT MANAGEMENT SERVICES, LLC
d/b/a "Hudson Group (HG) Retail" and "Hudson
15  Group"; HUDSON GROUP (HG) RETAIL,
LLC d/b/a "Hudson Group"; JACOB
16  CARLSON, individually and on behalf of the
marital community composed of Jacob Carlson
17  and J. Doe Carlson; and ANNA KOVALYK,
individually and on behalf of the marital
18  community composed of Anna Kovalyk and J.
Doe Kovalyk,
19
20                                    Defendants.
21

No. _____

**NOTICE OF REMOVAL**

**[Clerk's Action Required]**

22

23  TO:    United States District Court for the Western District of Washington at Seattle

24            PLEASE TAKE NOTICE that Defendants Airport Management Services, LLC, Hudson

25  Group (HG) Retail, LLC, Jacob Carlson, and Anna Kovalyk ("Defendants") give notice that

26  they are removing the above-captioned case to the United States District Court for the Western

27

NOTICE OF REMOVAL - 1
4843-9827-8246v.3 0107189-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

District of Washington at Seattle.  Defendants remove the case based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9); removal jurisdiction under 28 U.S.C. § 1453; and 28 U.S.C. §§ 1441 and 1446, on the grounds set forth below.  In support of its removal, Defendants allege as follows:

1.      On March 6, 2018, Plaintiffs Shukri Hashi, Amran Ibrahim, and Zam Zam Yusuf ("Plaintiffs") commenced this action by filing a Complaint in King County Superior Court.  The case was denominated cause number 18-2-05947-0 KNT.  On March 14, 2018, Plaintiffs served a Summons and Complaint on certain Defendants.  A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A**.  The complaint originally asserted putative class claims for religious discrimination, disparate impact, and failure to accommodate religious practices on behalf of a putative class of certain Muslim employees allegedly employed by Defendants at Seattle-Tacoma International Airport ("SeaTac").

2.      On April 16, 2018, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint") which added new class action claims for alleged wage and hour law violations regarding rest breaks and meal periods.  Those allegations in the amended pleading were the first that allowed Defendants to ascertain that the case had become removable.  *See* 28 U.S.C. § 1446(b)(3).  This Notice of Removal is timely as it is being filed within 30 days of the filing of Plaintiffs' Amended Complaint.

3.      A true and correct copy of the Amended Complaint is attached as **Exhibit B**.

4.      On April 26, 2018, Defendants filed an Answer denying Plaintiffs' allegations and asserting affirmative defenses.  A true and correct copy of Defendants' Answer to Amended Class Action Complaint is attached as **Exhibit C**.

5.      Removal is proper to the Western District of Washington at Seattle because the claim arose in King County, Washington.  *See* 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL - 2
4843-9827-8246v.3 0107189-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

6. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are being concurrently filed today, along with all process, pleadings, and orders filed in the state court action.

7. Notice of this removal will be given properly to Plaintiffs and the Superior Court pursuant to 28 U.S.C. § 1446(d).

**REMOVAL IS PROPER UNDER CAFA**

8. This action is properly removed to this Court under the rules for diversity of citizenship jurisdiction as amended by CAFA.

9. CAFA amended 28 U.S.C. §§ 1332 and 1453 to provide that an action is removable to federal court if (a) the action is a class action; (b) any member of the putative class is a citizen of a state different from any defendant; (c) the proposed class members number at least 100; and (d) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(1)-(5).

10. Each of these requirements is met here as to the meal and rest break claims.

11. These requirements are also met as to the religious accommodation and discrimination claims, when those claims are considered along with the meal and rest break claims. *See* 28 U.S.C. § 1332(d)(1)(A) ("[T]he term 'class' means all of the class members in a class action."). Plaintiffs have alleged both species of claims as class actions in this lawsuit. *See* Ex. B ¶¶ 34-35 (asserting both the putative (1) Rest and Meal Break Class and the (2) Religious Accommodation Class). There are no individual claims in this action.

12. Separately, the Court has supplemental jurisdiction over the religious accommodation and discrimination claims.

**Removal of the Meal and Rest Break Claims is Proper under CAFA**

**The Amended Complaint Asserts a Class Action**

13. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought under one or more representative persons as a class action."

NOTICE OF REMOVAL - 3
4843-9827-8246v.3 0107189-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  28 U.S.C. § 1332(d)(1)(B).  Here, Plaintiffs primarily allege wage-and-hour claims "pursuant

2  to Rule 23(a) and (b)(3) on behalf of themselves and all others similarly situated," *i.e.*, the

3  "Rest and Meal Break Class."  Ex. B ¶ 35.  The Amended Complaint goes on to define the Rest

4  and Meal Break Class and enumerates the requirements to maintain a class action under

5  Washington Civil Rule 23.  *Id.* ¶¶ 35, 36-37, 39-44.  Washington Civil Rule 23 is similar to

6  Federal Rule of Civil Procedure 23.  *Compare* Fed. R. Civ. P. 23(a), (b)(3), *with* Wash. CR

7  23(a), (b)(3).  Therefore, this lawsuit satisfies CAFA's class action requirement.

**The Parties' Citizenship Is Minimally Diverse**

9  14.    CAFA requires minimal diversity, meaning that only one member of the putative

10  class must be diverse from only one defendant.  28 U.S.C. § 1332(d)(2)(A).

11  15.    In their Amended Complaint, Plaintiffs allege that each of them has at all relevant

12  times been a resident of King County, Washington.  Ex. B ¶¶ 5-7.  Defendants therefore are

13  informed and believe that Plaintiffs are now, and were at the time the action was commenced,

14  citizens of the State of Washington within the meaning of 28 U.S.C. § 1332(d)(2).

15  16.    Defendants Airport Management Services, LLC ("AMS") and Hudson Group

16  (HG) retail, LLC ("Hudson") were at the time the action was commenced, and still are, citizens

17  of a state other than Washington within the meaning of 28 U.S.C. § 1332(d)(10).  That section

18  states "an unincorporated association," such as a limited liability company, "shall be deemed to

19  be a citizen of the State where it has its principal place of business and the State under whose

20  laws it is organized."  28 U.S.C. § 1332(d)(10); *accord Davis v. HSBC Bank Nev.*, N.A., 557

21  F.3d 1026, 1032 n.13 (9th Cir. 2009) (recognizing this rule for CAFA removals); *Ferrell v.*

22  *Express Check Advantage of SC LLC*, 591 F.3d 698, 701-05 (4th Cir. 2010).  An entity's

23  principal place of business "refers to the place where the corporation's high level officers

24  direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77,

25  80 (2010).

26  17.    Defendants AMS and Hudson are now, and were at the time the action was

27  commenced, incorporated in the State of Delaware.  Moreover, AMS and Hudson's principal

NOTICE OF REMOVAL - 4
4843-9827-8246v.3 0107189-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

place of business is, and was at the time this action was commenced, in the State of New Jersey. The majority of Hudson and AMS's corporate leadership, human resources, finance, information systems, and other corporate functions are located in East Rutherford, New Jersey. Accordingly, AMS and Hudson are citizens of the states of Delaware and New Jersey. *See* Ex. C ¶¶ 8-9.

18.    Because at least one Defendant is a citizen of a state different from at least one Plaintiff, this case satisfies CAFA's minimal diversity requirement.

**The Proposed Rest and Meal Break Class Contains at Least 100 Members**

19.    Plaintiffs define the alleged Rest and Meal Break Class as follows: "All current and former non-exempt employees of Airport Management Services LLC who, at any time between April 16, 2015, and the date of final disposition of this matter, worked at Seattle-Tacoma International Airport." Ex. B ¶ 35. The only exclusions from the proposed class are the judge to whom the case is assigned and the judge's immediate family members. *Id*.

20.    Defendants have used payroll and human resources data that they maintain in the ordinary course of their business and pursuant to their regular practices to identify current and former hourly-paid, non-exempt employees who worked at SeaTac airport at any point from April 16, 2015, to the present. Those individuals total at least 460 employees. Declaration of Anna Kovalyk ("Kovalyk Decl.") ¶ 2.

21.    Therefore, this case satisfies CAFA's requirement that the class contain at least 100 members.

**The Amount in Controversy Exceeds $5,000,000 for the Rest and Meal Break Claims**

22.    CAFA requires a removing defendant to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."). "The amount in controversy is simply an

NOTICE OF REMOVAL - 5
4843-9827-8246v.3 0107189-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

estimate of the total amount in dispute." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (internal citations omitted).

23.     The Ninth Circuit recently clarified that the amount in controversy includes all amounts that plaintiffs may recover based on the allegations in the complaint—regardless of whether those damages arose before or after removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy.").  Put differently, the amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id*. at 415.

24.     Here, Plaintiffs' Complaint does not allege an amount in controversy, but as Defendants show below, the amount in controversy more likely than not exceeds $5 million based on Plaintiffs' claims for (1) rest break violations; (2) meal break violations; (3) double damages; and (4) attorneys' fees.

### *Alleged Rest Break Violations*

25.      Plaintiffs allege that Hudson and AMS failed to provide rest breaks required by Washington law.  Ex. B ¶¶ 58-70.  Specifically, they claim that Hudson and AMS "have engaged, and continue to engage, in a common course of requiring Plaintiffs and members of the Rest and Meal Break Class to work more than three consecutive hours without a rest break." *Id.* ¶ 26; *accord id.* ¶ 28 ("Plaintiffs and members of the Rest and Meal Break Class did not receive the rest breaks to which they were entitled").  They further claim that Hudson and AMS "have engaged, and continue to engage, in a common course of failing to provide Plaintiffs and members of the Rest and Meal Break Class with ten minutes of additional pay for each missed rest break." *Id.* ¶ 27.

26.     To conservatively calculate damages for this claim, AMS and Hudson assume that putative Rest and Meal Break Class Members worked 5 days per week and at least 8 hours per day during their employment since April 16, 2015.  Kovalyk Decl. ¶ 3.  That means, under

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Plaintiffs' theory, Hudson and AMS allegedly failed to provide at least 2 rest breaks per day worked. *See* RCW 296-126-092 ("Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."). Hudson and AMS calculated the amount Plaintiffs seek for each missed 10-minute break as 10 minutes paid at the putative Class Members' current or most-recent hourly straight-time rate. *Id.* ¶ 4. Based on this methodology, Hudson and AMS calculated potential damages for allegedly missed rest breaks to be $953,000 (or $846 per day, calculated at $953,000 divided by 1,126 days between April 16, 2015, and May 16, 2018). *Id.* ¶ 5.

27.    The actual amount in controversy for this claim is very likely greater. For example, Plaintiffs allege that Hudson and AMS's "common course" of rest break violations is ongoing; that the putative Meal and Rest Break Class includes all hourly SeaTac employees through the "final disposition of this matter;" and that they seek "past and future wages" as part of compensatory damages. Ex. B ¶¶ 26, 27, 35, Prayer for Relief (J). The amount in controversy therefore includes pay for alleged rest break violations through the conclusion of the action. *See Chavez*, 888 F.3d at 418. Adding just one additional years' worth of damages—which is a conservative amount because most class action trials do not occur until well more than one year after the case is filed—would add another $308,000 to the amount in controversy for the rest break violations (*i.e.*, $846 per day times 365 days). That brings the rest break total to $1,261,000 (*i.e.*, $953,000 plus $308,000). Plaintiffs also claim that, if the additional rest break time would have pushed class members into overtime, the rest break time should have been paid at 1.5 times the straight-time rate. *See* Ex. B ¶¶ 73-74.[1]

### *Alleged Meal Period Violations*

28.    Plaintiffs also allege that Hudson and AMS failed to provide meal periods as required by Washington law. Specifically, they claim that Hudson and AMS "have engaged, and continue to engage, in a common course of failing to ensure Plaintiffs and members of the Rest and Meal Break Class are provided with and receive a timely thirty-minute meal break for

---

[1] The projection also is conservative because putative class members' pay rates may increase before trial.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

every shift in excess of five hours;" and that Hudson and AMS have "engaged, and continue to engage, in a common course of failing to provide Plaintiffs and members of the Rest and Meal Break Class with thirty minutes of additional pay for each missed or untimely meal break." Ex. B ¶¶ 29-31.

29.    Similar to the rest break claims, Hudson and AMS conservatively calculated damages for the meal period claims by assuming that putative Rest and Meal Break Class Members worked 5 days per week and 8 hours per day.  Kovalyk Decl. ¶ 6.  That means, under Plaintiffs' theory, the putative class members should have received at least one meal period per day, *see* WAC 296-126-092(1)-(2), which they claim Hudson and AMS did not properly provide.  Hudson and AMS also used the putative Rest and Meal Break Class Members' current or most recent hourly straight-time rate to determine the amount of the 30 minutes of additional pay Plaintiffs say AMS and Hudson owe for each missed meal period.  *Id.*  Based on that methodology, and using the dates of employment for Rest and Meal Break Class Members from April 16, 2015, to May 16, 2018, Hudson and AMS calculated potential damages for missed meal periods to be $1,430,000 (or $1,269 per day, calculated at $1,430,000 divided by 1,126 days between April 16, 2015, and May 16, 2018).  *Id.* ¶ 7.

30.    The amount in controversy likely is larger because, as with the rest break claims, Plaintiffs claim that Hudson's and AMS's meal period violations are ongoing and seek future wages for those claims.  *See* Ex. B ¶¶ 29-31, Prayer for Relief (J).  Adding just one additional years' worth of damages would add another $463,000 to the amount in controversy for the meal period violations (*i.e.*, $1,269 per day times 365 days), bringing the total to $1,893,000 (*i.e.*, $1,430,000 plus $463,000).  The amount also would grow if the alleged additional meal period time had to be paid at overtime rates as Plaintiffs claim.

### *Double Damages*

31.    Plaintiffs also seek double damages under RCW 49.52.070, which allows a plaintiff to obtain double the wages owed for willful violations.  Ex. B ¶ 78, 82, & Prayer for Relief (K).  Plaintiffs therefore seek an additional amount equal to the allegedly-unpaid meal

NOTICE OF REMOVAL - 8
4843-9827-8246v.3 0107189-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

and rest break wages.  That amount ranges from $2,383,000 based on damages from

April 16, 2018 to the present; to $3,154,000 based on the amount of alleged meal and rest

period damages one year from now.

### Attorneys' Fees

32.     Plaintiffs also seek reasonable attorneys' fees as part of this action.  *Id.* ¶¶ 69, 75,

78 & Prayer for Relief (M).  In the Ninth Circuit, courts generally award attorneys' fees in the

25% range in class actions.  *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.

1998) ("This circuit has established 25% of the common fund as a benchmark award for

attorney fees.") (citing *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311

(9th Cir. 1990)).  Assuming a fee award of 25% of damages if Plaintiffs prevail on their meal,

rest, and double-damages claims, their attorneys' fees would total between $1,191,000 (*i.e.*,

$4,766,000 in meal-period, rest-break, and double-damages times 25%) based on current

alleged damages; and $1,577,000 (*i.e.*, $6,308,000 in meal-period, rest-break, and double-

damages times 25%) based on damages one year into the case.

### Conclusion Regarding Amount-in-Controversy for Rest and Meal Break Claims

33.     The calculations above demonstrate the amount in controversy conservatively

totals $5,957,000 as of today's date—*i.e.*, $953,000 for missed rest breaks, $1,430,000 for

missed meal periods, $2,383,000  for double damages, and $1,191,000 for attorneys' fees.

Those damages grow to $7,885,000 based on projections including one additional year's worth

of damages.  Therefore, it is more likely than not that the amount in controversy exceeds

$5 million.

34.     The Court accordingly has jurisdiction over Plaintiffs' meal and rest break claims

under CAFA.

### CAFA Removal of the Discrimination and Accommodation Claims is Proper

35.     Plaintiffs also bring discrimination and failure to accommodate claims on behalf

of a putative Religious Accommodation Class containing Muslim individuals employed at the

SeaTac airport since March 5, 2015.  Ex. B ¶ 34.  Incorporating those claims into the CAFA

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

jurisdiction analysis above further confirms that the court has CAFA jurisdiction over this action. For example, because the statute of limitations is slightly longer on the religious accommodations claims than the meal/rest claims, including the religious accommodations class members may increase the number of putative class members further over 100. *See* 28 U.S.C. § 1332(d)(1)(A) (stating the "class" means "all of the class members in a class action"); *compare* Ex. B ¶ 34 (religious accommodations class begins March 5, 2015), *with id.* ¶ 35 (meal and rest class begins April 16, 2015). In addition, the amount in controversy further exceeds $5 million when potential damages for the religious accommodations claims are included. *See* 28 U.S.C. § 1332(d)(2) (stating the amount in controversy is determined based on the total at issue in the "civil action").

## THE COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER THE DISCRIMINATION AND ACCOMMODATION CLAIMS

36.     In addition to removal jurisdiction based on CAFA for the religious accommodations claims, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).

37.     Supplemental jurisdiction exists over any claims in the Amended Complaint that form part of the same case or controversy as the claims that are removable. Here, the meal and rest period claims are properly before the court under CAFA diversity jurisdiction. Those claims and the religious accommodation claims both rest, in part, on Plaintiff's allegations (1) that they have not been provided with adequate rest breaks and/or rest breaks of sufficient length to allow them to pray as required by their faith, and (2) that Defendants have not accommodated Plaintiffs' desire to schedule meal breaks to coincide with the movement of the sun and end of their fast during Ramadan. Ex. B ¶¶ 1, 18, 20-23, 50 ("Defendants' have (1) refused to provide rest breaks in a manner that will allow Plaintiffs and members of the Religious Accommodation Class to perform daily prayers at times synchronized with the movement of the sun; (2) refused to provide short breaks or meal breaks in a manner that will

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

allow … [them] to eat after the breaking of the Ramadan fast").[2]  Thus, Defendants' policies

and practices regarding the scheduling of rest and meal breaks are at the heart of both (1) the

meal and rest break claims and (2) the religious accommodation claims, and the claims form

part of the same case or controversy.  Moreover, there are no novel or complex issues of state

law, Plaintiffs' religious accommodation claims do not predominate, no federal claims have

been dismissed, and no exceptional circumstances exist to decline supplemental jurisdiction.

*See* 28 U.S.C. § 1367(c) (listing additional factors to consider when evaluating supplemental

jurisdiction).

## CONCLUSION

38.    For the reasons above, Defendants respectfully give notice that the above-entitled

action is removed from the King County Superior Court to the United States District Court for

the Western District of Washington at Seattle.

DATED this 16th day of May, 2018.

Davis Wright Tremaine LLP
Attorneys for Airport Management Services,
LLC, Hudson Group (HG) Retail, LLC,
Jacob Carlson, and Anna Kovalyk

By */s/ Harry J.F. Korrell*
   Harry J. F. Korrell, WSBA #23173
   Ryan C. Hess, WSBA #50738
   Suite 2200
   1201 Third Ave.
   Seattle, WA  98101-3045
   Telephone: 206-622-3150
   Fax: 206-757-7700
   Email: harrykorrell@dwt.com
          ryanhess@dwt.com

By */s/ Devin M. Smith*
   Devin M. Smith, WSBA #42219
   777 – 108th Avenue NE, Suite 2300
   Bellevue, WA 98004-5149
   Phone: 425-646-6100
   Fax: 425-646-6199
   Email: devinsmith@dwt.com

---

[2] It bears noting that Plaintiffs seek to try their claims in a single action.  They amended their complaint to add the rest and meal break allegations to the same lawsuit.  *See generally* Ex. B.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Toby J. Marshall
Eric R. Nusser
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA  98103
tmarshall@terrellmarshall.com
eric@terrellmarshall.com


Elizabeth G. Ford
Katherine E. Cameron
Fair Work Center
5308 Martin Luther King Jr. Way S., Suite B102
Seattle, WA  98118
liz@fairworkcenter.org
katie@fairworkcenter.org


DATED this 16th day of May, 2018.


_____
Susan Bright

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax